**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOSHUA BURSON**, on behalf of himself and others similarly situated,<br><br>Plaintiff, | : | CASE NO. 2:26-cv-00076 |
| v. | : | JUDGE |
| **HILSCHER-CLARKE ELECTRIC COMPANY, INC.**<br>c/o C T Corporation System<br>4400 Easton Cmns STE 125<br>Columbus, OH 43219,<br><br>Defendant. | : | MAGISTRATE JUDGE |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Named Plaintiff Joshua Burson ("Named Plaintiff"), individually and on behalf of others similarly situated, files his Complaint against Defendant Hilscher-Clarke Electric Company, Inc. ("Defendant") for its failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the Ohio Prompt Payment Act ("OPPA"), O.R.C. § 4113.15. The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The OPPA claim is brought as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, the OPPA, and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises an additional claim pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because it forms a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant employed Named Plaintiff and others similarly situated in the Southern District of Ohio and a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Ohio.

## II. PARTIES

### A. Named Plaintiff

4. Named Plaintiff is an individual, a United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5. Named Plaintiff was employed by Defendant beginning in or around April 2024 until September 2025.

6. Named Plaintiff was employed as an hourly, non-exempt employee of Defendant as defined in the FLSA and the OPPA. Specifically, Named Plaintiff was employed by Defendant as an hourly technician and foreman. During his employment, Named Plaintiff worked over forty (40) hours in one or more workweek(s).

7. Named Plaintiff brings this action on behalf of himself and those similarly situated employees and has given his written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b). *Consent to be Party Plaintiff*, attached hereto as **Exhibit A**.

**B. Defendant**

8. Defendant is a domestic corporation for profit that operates and conducts substantial business activities throughout Ohio, including in the Southern District of Ohio.

9. Defendant is a full-service electrical contractor with offices located throughout the state of Ohio.

10. Defendant employed Named Plaintiff and other similarly situated employees at its facilities in Ohio; specifically, Defendant employed Named Plaintiff at its facility in Columbus, Ohio.

11. At all relevant times, Defendant has had direct or indirect control and authority over Named Plaintiff and other similarly situated employees' working conditions. At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

12. At all relevant times, Defendant has had direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiff and other similarly situated employees at all locations operated and managed by Defendant. At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

13. At all relevant times, Defendant has had the authority to hire and fire employees, supervise and control their work schedules and work conditions, determine their rate and method of pay, and/or maintain employee records.

14. Upon information and belief, Defendant applies or causes substantially the same employment policies, practices, and procedures to be applied to all employees at all of Defendant's

locations, including policies, practices, and procedures relating to the payment of wages, overtime, and timekeeping.

15. At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

16. Defendant was an "employer" of its employees at all its locations as defined herein, and/or for the purposes of the FLSA.

17. At all relevant times, Defendant, as a corporation engaging in commercial / industrial electrical contracting, was an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

18. At all relevant times, Defendant has had an annual gross volume of sales made, or business done, of not less than $500,000 each year.

19. At all relevant times, Defendant has had employees engaged in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce.

20. Upon information and belief, Defendant, at all times relevant hereto, was fully aware that it was legally required to comply with the wage and overtime laws of the United States and the State of Ohio.

## III. FACTS

21. Named Plaintiff and Defendant's other hourly technicians are non-exempt employees who are entitled to overtime.

22. Defendant paid Named Plaintiff and other similarly situated technicians an hourly wage for hours worked (hereinafter "Base Hourly Wage").

23. In addition to the Base Hourly Wage, Defendant pays its technicians additional forms of remuneration that should be included in the calculation of employees' regular rate of pay for overtime compensation. These additional forms of remuneration include, but are not limited to, nondiscretionary attendance bonuses (hereinafter nondiscretionary bonuses will collectively be referred to as "Additional Remuneration"). *See* 29 C.F.R § 778.211(c).

24. Regarding the nondiscretionary attendance bonuses, Named Plaintiff and other similarly situated employees were promised by Defendant that if they met certain attendance goals over a set period of time, they would receive a bonus payment in an already predetermined amount to induce them to meet these attendance goals.

25. During the last three (3) years preceding the filing of this Complaint, Named Plaintiff and other similarly situated employees regularly received their Base Hourly Wage and Additional Remuneration, such as that which is described above, in various workweeks when they worked in excess of forty (40) hours.

26. When Defendant paid Named Plaintiff and other similarly situated employees both their Base Hourly Wage and Additional Remuneration, Defendant did not include Additional Remuneration in the calculation of employees' regular pay rates for overtime. Consequently, Defendant failed to properly compensate Named Plaintiff and other similarly situated employees the overtime wages they were due in accordance with the requirements of the FLSA.

27. During all relevant times, Defendant knew of and acted willfully regarding its conduct described herein. Defendant knew Named Plaintiff and others similarly situated worked overtime without properly calculating and paying the overtime compensation due for all overtime hours worked.

28. The FLSA requires Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7.

29. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. See 29 C.F.R. § 516.2.

30. Defendant failed to track, keep, or transmit the hours accurately worked each day by Named Plaintiff and other similarly situated employees.

31. Defendant willfully transmitted inaccurate and/or incomplete records to payroll for compensation purposes, which do not include all work performed. The incorrect and/or incomplete records had the direct effect of reducing Defendant's labor costs to the detriment of Named Plaintiff and other similarly situated employees.

32. Thus, Defendant willfully did not record and pay all hours worked in violation of the FLSA and violated the FLSA's recordkeeping requirements.

33. Upon information and belief, Defendant applied these same policies to all its hourly, non-exempt employees at all its locations.

34. As a result of Defendant's companywide policy and/or practice described herein, Defendant knew or had reason to know that it was not compensating Named Plaintiff and other similarly situated employees for all hours worked.

35. Defendant is in possession and control of the necessary documents and information from which Named Plaintiffs would be able to calculate damages, and/or Defendant otherwise failed to keep such records.

## IV. FLSA COLLECTIVE ALLEGATIONS

36. Named Plaintiff brings his FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other similarly situated employees of the opt-in collective. The FLSA collective consists of the following:

> **All current and former hourly employees who received additional remuneration in workweeks that they were paid for more than forty (40) hours during the three (3) years preceding the filing of this Complaint and continuing through the final disposition of this case ("FLSA Collective" or "FLSA Collective Members").**

37. Named Plaintiff and putative FLSA Collective Members were all subject to the same policies or practices described above, which resulted in unpaid overtime.

38. During the last three (3) years, Defendant has not fully and properly paid Named Plaintiff and Defendant's other hourly technicians at one-and-one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a workweek because Defendant failed to include all Additional Remuneration in calculating their regular rates of pay.

## V. RULE 23 CLASS ALLEGATIONS

39. The Named Plaintiff brings his OPPA claims pursuant to Rule 23 as a class action on behalf of himself and all other members of the following class:

> **All current and former Ohio hourly employees who received additional remuneration in workweeks that they were paid for more than forty (40) hours during the two (2) years preceding the filing of this Complaint and continuing through the final disposition of this case ("Ohio Rule 23 Class" or "Ohio Rule 23 Class Members").**

40. The Ohio Rule 23 Class includes all current or former hourly, non-exempt technicians employed by Defendant throughout the State of Ohio as defined above.

41. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

42. Named Plaintiff is a member of the Ohio Rule 23 Class, and his claims for unpaid overtime wages are typical of those for the other class members.

43. Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

44. Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that he has undertaken to represent.

45. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

46. Questions of law and fact are common to the Ohio Rule 23 Class.

47. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

48. Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

49. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual

members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

50. Questions of law and fact that are common to the Ohio Rule 23 Class include but are not limited to: (a) whether Defendant violated the OPPA by failing to pay the Ohio Rule 23 Class all overtime wages for hours worked in excess of forty (40) hours per week; (b) whether the unpaid wages remained unpaid for thirty (30) days beyond their regularly scheduled paydays; (c) whether Defendant's violations of the OPPA were knowing and willful; (d) what amount of unpaid and/or withheld overtime compensation is due to Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendant's violations of the OPPA; and (e) what amount of prejudgment interest is due to the Ohio Rule 23 Class members for unpaid overtime or other compensation that was withheld or otherwise not paid to them.

51. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION: FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

52. All of the preceding paragraphs are realleged as if fully rewritten herein.

53. This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective.

54. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

55. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

56. Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in workweeks.

57. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by, *inter alia*, failing to compensate them at one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) hours in a workweek because Defendant did not include all Additional Remuneration in their regular rate of pay calculations for the purposes of overtime.

58. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

59. Defendant knew or should have known of the FLSA's overtime payment requirements. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

60. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were otherwise not kept by Defendant.

61. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the FLSA Collective Members.

**SECOND CAUSE OF ACTION:**
**O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION**

62. All of the preceding paragraphs are realleged as if fully rewritten herein.

63. Named Plaintiff and the Ohio Rule 23 Class Members were employed by Defendant.

64. During all relevant times, Defendant was an entity covered by the OPPA and Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

65. The OPPA requires Defendant to timely pay Named Plaintiff and the Ohio Rule 23 Class Members all wages, including unpaid overtime, in accordance with O.R.C. § 4113.15(A).

66. During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members were not paid all wages, including overtime wages at one-and-one-half times (1.5x) their regular rates of pay within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

67. Named Plaintiff and the Ohio Rule 23 Class Members unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

68. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Facilitating prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

B. Certifying the proposed Ohio Rule 23 Class under the OPPA;

C. Awarding to Named Plaintiff and the FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

D. Awarding to Named Plaintiff and the Ohio Rule 23 Class unpaid overtime to be determined at trial together with any liquidated damages allowed by the OPPA;

E. Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

F. Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class such other and further relief as the Court deems just and proper;

G. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

H. Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Tristan T. Akers (0102298)
1550 Old Henderson Road
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
agedling@mcoffmanlegal.com
takers@mcoffmanlegal.com

*/s/ Peter Contreras*
Peter Contreras (0087530)
**CONTRERAS LAW, LLC**
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-787-4878
Fax: 614-957-7515
Email: peter.contreras@contrerasfirm.com

*Attorneys for Named Plaintiff and those similarly situated*

**JURY DEMAND**

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman